OUTTEN & GOLDEN LLP
Kathleen Peratis
Attorneys for Plaintiff
3 Park Avenue, 29th Floor
New York, New York 10016
(212) 245-1000
Fax: (212) 245-8930





06 CV 0604

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

LAWRENCE SIROVICH,

        Plaintiff,

        – against –

MOUNT SINAI SCHOOL OF MEDICINE,
        Defendants.

------------------------------------------------------------------x

05 Civ.

COMPLAINT

Jury Trial Demanded

1. Plaintiff, by his attorneys, OUTTEN & GOLDEN LLP, brings this action against Defendants, MOUNT SINAI SCHOOL OF MEDICINE to remedy intentional discrimination against him because of his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. 623 et seq. ("ADEA"), and the New York City Human Rights Law, New York City Administrative Code Section 8-101 et seq. ("City Human Rights Law").

2. Plaintiff seeks injunctive and declaratory relief, compensatory and punitive damages and other appropriate legal and equitable relief pursuant ADEA Section 626(b) and the City Human Rights Law Section 8-502.

I. JURISDICTION AND VENUE

3. Plaintiff Lawrence Sirovich lives in New York City in the State of New York. He timely filed a charge of discrimination against Defendant Mount Sinai School of Medicine with the

United States Equal Employment Opportunity Commission ("EEOC") by mailing the charge to the New York District Office on September 28, 2004.

4. On April 12, 2005, the EEOC issued Plaintiff a notice informing him of his right to sue Defendants in federal court. Plaintiff and defendant entered into a series of tolling agreements and Plaintiff has timely commenced this action under those agreements.

5. Plaintiff has complied fully with all prerequisites for jurisdiction in this Court under the ADEA.

6. Contemporaneously with the filing of this complaint, Plaintiff has mailed a copy of same, along with a letter of explanation, to the New York City Commission on Human Rights and the Office of the Corporation Counsel of the City of New York, thereby satisfying the notice requirement under § 8-502(c) of the City Human Rights Law.

7. Jurisdiction of the Court is proper under ADEA § 626(c). The Court has supplemental jurisdiction over Plaintiff's City Human Rights Law claims pursuant to 28 U.S.C. Section 1367.

8. As the unlawful employment practices complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. Sections 1391(b) and (c).

## II. PARTIES

9. Sirovich is seventy-two years old. His birth date is March 1, 1933.

10. Mount Sinai School of Medicine is located at One Gustave Levy Place, New York, New York. It is an employer within the meaning of the ADEA and the City Human Rights Law.

## III. FACTS

11. Plaintiff was at all times relevant Chair of the Department of Biomathematical Sciences at Mount Sinai. He is and has been for many years a world renowned scholar, recognized and

honored for his contributions in biomathematics as well as many other areas of applied mathematics.

12. At all times relevant the Boimathematics Department was in the process of becoming the Biomathmatics Center.

13. On information and belief, when a department becomes a center, or a center becomes a department, Defendant has a custom and practice of appointing an incumbent head of the former entity to head of the new entity.

14. On information and belief, even when there is no incumbent, defendant customarily fills chair and department head vacancies through an informal process of vetting a qualified incumbent and then appointing him or her.

15. On information and belief, defendant has appointed at least eleven chairs and department heads without a search in the last several years. Plaintiff himself was appointed chair of the Department of Biomathematics in 2002 without a search.

16. Defendant advised Sirovich that he would not be named Director of the Biomath Center, and instead offered him the Interim Directorship while a full-blown national search is conducted for a "world class mathematician" to be the permanent Director.

17. Defendant falsely stated that its rules require that a national search be conducted for the position of Chair of the Biomath Department. On information and belief, Mount Sinai conducts searches when it chooses to do so and taps the incumbent or someone else when it chooses to do so.

18. The average age of the chairs and department heads appointed in the last several years is forty-eight years old.

19. On or about June 24, 2005, officials of Mount Sinai approved a budget for the "Center for Biomathematics" for the fiscal year July 1, 2005 to June 30, 2006. The budget was approved on or about June 18, 2005.

20. The budget as approved included a continuation of Sirovich's salary at its then-present level.

21. Mount Sinai refused to appoint plaintiff to be Director of the Biomath Center on account of his age.

22. There have been many Center Directors and Department Chairs during the last five years who have been so designated without a search. All have been relatively young men, averaging around fifty three years old.

23. On information and belief, there are no instances in the last decade or so in which an active incumbent chair of a department has lost his position when the department was changed to a center, nor has any center directors lost his or her position when the center became a department.

24. At all relevant times, three Centers were becoming departments and in all three, the Center's Director was becoming the Department's Chair with no outside search.

25. Following plaintiff's claim of illegal age discrimination by letter dated August 18, 2004, Mount Sinai has engaged in a pattern of retaliation against him which includes negative employment actions and subjecting him to humiliating treatment, including the following:

    a. Without prior or subsequent advice to plaintiff, defendant sent messages to all of the professors in plaintiff's department telling them that they have to choose another departmental affiliation by October 1st.

    b. Defendant excluded plaintiff from academic, business and policy matters regarding which he had previously been routinely consulted.

    c. Defendant advised plaintiff that it was not going to proceed with its plans for a Center. Having abolished his department, plaintiff was thus stripped of all of his previous status and threatened with a significant reduction in pay and other conditions and benefits of employment.

    d. Defendant advised plaintiff that it had cancelled its plans for a Center.

    e. Defendant advised plaintiff that it intended to cut his salary.

    f. Defendant advised plaintiff that it intended to take away his secretary, despite the fact that Mount Sinai had guaranteed him a full time secretary, fully funded by Mount Sinai, for his laboratory and not linked to his status a s chair of a department.

## FIRST CAUSE OF ACTION

### (AGE DISCRIMINATION UNDER THE ADEA)

26. Defendants intentionally and willfully discriminated against Plaintiff on the basis of his age, in violation of the ADEA.

27. Defendants knew that their actions constituted unlawful discrimination on the basis of age and showed willful and/or reckless disregard for Plaintiff's statutorily protected rights.

## SECOND CAUSE OF ACTION

### (AGE DISCRIMINATION UNDER THE CITY HUMAN RIGHTS LAW)

28. Defendants intentionally and willfully discriminated against Plaintiff on the basis of his age, in violation of the ADEA.

29.     As a result of Defendants' illegal employment practices, Plaintiff has suffered and will continue to suffer irreparable injury, emotional distress and monetary damages unless and until this Court grants relief.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

(a)     Declaring that the acts, practices and omissions complained of herein are in violation of the ADEA and the City Human Rights Law;

(b)     Enjoining and permanently restraining these violations of the ADEA and the City Human Rights Law;

(c)     Directing Defendants to take such affirmative actions as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's future employment opportunities;

(d)     Directing Defendants to pay Plaintiff actual damages and otherwise make Plaintiff whole for all the earnings that Plaintiff would have received but for Defendants' discriminatory treatment including, but not limited to, lost wages and front pay;

(e)     Directing Defendants to pay Plaintiff compensatory damages including damages for emotional distress, pain and suffering, and humiliation pursuant to the City Human Rights Law;

(f)     Directing Defendants to pay Plaintiff liquidated damages based on Defendants' willful and malicious conduct pursuant to the ADEA;

(g)     Directing Defendants to pay Plaintiff punitive damages for the injuries suffered as a result of Defendants' willful and malicious conduct pursuant to the City Human Rights Law;

(h)   Awarding Plaintiff the costs of this action together with expert witness fees and reasonable attorneys' fees; and

(i)   Granting such other and further relief as this Court deems necessary and proper.

DATED:   New York, New York
         January 22, 2006

RESPECTFULLY SUBMITTED,

OUTTEN & GOLDEN LLP

By: _____

Kathleen Peratis (KP 2118)

Attorneys for Plaintiff
3 Park Avenue, 29th Floor
New York, New York 10016-5902
Phone: (212) 245-1000
Fax: (212) 977-4005